IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN FLYNN, DOMINIC SPANO, KENNETH LAMBERT, JAMES BOLAND, GERRY O'MALLEY, JOSEPH BRAMLETT, PAUL SONGER, CHARLES VELARDO, EUGENE GEORGE, MATTHEW AQUILINE, GREGORY HESS, VINCENT DELAZZERO, and MICHAEL SCHMERBECK, as Trustees of, and on behalf of, the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND,<br>  1776 Eye Street, NW, Fifth Floor<br>  Washington, DC 20006<br>  (202) 783-3788,<br><br>INTERNATIONAL MASONRY INSTITUTE<br>  1776 Eye Street, NW, Fifth Floor<br>  Washington, DC 20006<br>  (202) 783-3788,<br><br>      and<br><br>INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS<br>  1776 Eye Street, NW, Fifth Floor<br>  Washington, DC 20006<br>  (202) 783-3788,<br><br>                    Plaintiffs,<br><br>            v.<br><br>L&S CUSTOM MASONRY<br>  130 Central Avenue<br>  Jersey City, NJ 07036<br>  (201) 653-4300,<br><br>                    Defendant. | Civil Action No. |

## COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP, complaining of the Defendants, allege as follows:

## CAUSE OF ACTION

### Jurisdiction and Venue

1. This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF") and the fiduciaries of the International Masonry Institute ("IMI") to enforce the terms of the Plan and Trust Agreements adopted by the IPF and IMI and the provisions of Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145. This action arises under the laws of the United States, specifically Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). Pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), jurisdiction is therefore conferred on this Court. As to the claims brought by the International Union of Bricklayers and Allied Craftworkers ("BAC"), jurisdiction is conferred under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

2. The IPF and IMI are administered in the District of Columbia. Venue for the claims asserted by the IPF and IMI is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides:

> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. BAC maintains its principle office in the District of Columbia. Venue for the claims asserted by the BAC is therefore conferred on this Court pursuant to 29 U.S.C. § 185(c)(1).

## Parties

4. Plaintiffs, John Flynn, Dominic Spano, Kenneth Lambert, James Boland, Gerry O'Malley, Joseph Bramlett, Paul Songer, Charles Velardo, Eugene George, Matthew Aquiline, Gregory Hess, Vincent DeLazzero, and Michael Schmerbeck, are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). Plaintiffs bring this action on behalf of, and for the benefit of, the beneficiaries of the IPF in their respective capacities as fiduciaries.

5. The IPF is also authorized to effect collections on behalf of the IMI and BAC, pursuant to a written Assignment of Claims and the *Collection Procedures of the Central Collection Unit of the Bricklayers and Allied Craftworkers* ("Collection Procedures").

6. Plaintiff, IMI, is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

7. Plaintiff, BAC, an unincorporated association, is a labor organization within the meaning of 29 U.S.C. § 152(5) and is entitled to bring suit under 29 U.S.C. § 185.

8. Defendant, L&S Custom Masonry, is, and at all times hereinafter mentioned was, a company maintaining offices and conducting business in the state of New Jersey.

9. Defendant employs or has employed members of the International Union of Bricklayers and Allied Craftsmen and its affiliated local unions ("Union").

## Violation Charged

10. Defendant, L&S Custom Masonry, acting through its authorized agent or officer, executed a collective bargaining agreement with the Union. The collective bargaining agreement is annexed hereto as Exhibit A and referred to hereinafter as "the Agreement."

11. Pursuant to the Agreement, Defendant agreed to make certain payments to the IPF, IMI, and BAC on behalf of covered employees of Defendant. Having submitted some contributions, Defendant has demonstrated an awareness of its obligation to make those payments.

12. Upon information and belief, Defendant has not reported correctly and has failed to properly make contributions for employees covered by the Agreement.

13. Plaintiffs seek to conduct an audit of Defendant's books and records in order to determine amounts which may be owed for work covered by the Agreement.

14. Despite several requests by the IPF, or a representative of the IPF, for access to Defendant's books and records, so that the IPF auditor can determine whether contributions have been made in compliance with Defendant's obligations, Defendant has failed to grant the IPF auditor such access to its books and records.

15. Under the terms of the Agreement, the terms of the Plan and Trust Agreement adopted by the IPF Board of Trustees, the terms of the Plan and Trust Agreement adopted by the IMI Board of Trustees, the CCU Procedures and Supreme

Court precedent, Plaintiffs are entitled to conduct audits on the books and records of Defendant to determine whether contributions have been made in compliance with Defendant's obligations.

16. To date the delinquent contributions, interest and liquidated damages believed due and owing have not been paid.

17. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1). Plaintiffs have been, and are, incurring attorney's fees as a direct result of Defendant's refusal to allow an audit in accordance with the terms and conditions of the pertinent Agreement.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

1. For all amounts owed by the Defendant to the IPF, IMI, and BAC pursuant to a payroll audit of the Defendant, including:

    a. for all unpaid contributions determined due and owing to the IPF and IMI pursuant to a payroll audit of Defendant (ERISA Section 502(g)(2)(A));

    b. for interest assessed on such delinquent contributions uncovered by the payroll audit of the Defendant, at the rate of 15 percent _per annum._ (ERISA Section 502(g)(2)(B));

    c. for the greater of liquidated damages, calculated at the rate of 20 percent, or an additional computation of interest assessed on such delinquent contributions. (ERISA Section 502(g)(2)(C)(i);(ii));

   d. for all dues checkoff determined owing to the BAC pursuant to a payroll audit of Defendant (29 U.S.C. §185);

   e. for interest on such delinquent dues checkoff at the rate of 15 percent *per annum*;

   f. for audit costs in an undetermined amount to be incurred during the audit of Defendant (ERISA Section 502(g)(2)(D));

   g. for the costs of filing this action in the amount of $250.00 (ERISA Section 502(g)(2)(D));

  2. For an order directing Defendant to turn over to Plaintiffs' auditor its books and records from November 1, 2002 through the present and ongoing, including, but not limited to, payroll records and general ledger(s). Plaintiffs will suffer irreparable injury in the absence of such injunctive relief and there is no adequate remedy at law. Plaintiffs seek an order granting it:

   a. Preliminary injunctive relief; and

   b. Permanent injunctive relief.

  3. In the amount of Five Thousand Dollars ($5,000.00), and such additional amounts as may be incurred, representing attorney's fees and costs of this action (ERISA Section 502(g)(2)(D));

  4. That the Defendant be directed to comply with their obligations to report and to contribute to the IPF, IMI, and BAC all additional reports and contributions due and owing, and to pay the costs and disbursements of this action; and

5. Such other relief as this Court deems appropriate, including judgment for any contributions and/or interest thereon that may accrue subsequent to the filing of this complaint and any resulting statutory damages thereon under ERISA.

Dated: May 25, 2005

By: _____
Ira R. Mitzner, DC Bar No. 184564
DICKSTEIN SHAPIRO MORIN
& OSHINSKY LLP
2101 L Street, N.W.
Washington, D.C. 20037-1526
(202) 828-2234

Attorneys for Plaintiffs